UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE PERFECT SCORE COMPANY, INC., | ) ) ) | Case No.: 1:09 CV 1189 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| JIM MILLER, | ) ) | |
| Defendant | ) | ORDER |

Currently pending in the above-captioned case is Defendant Jim Miller's ("Miller" or "Defendant") Motion to Set Aside Default Judgment and for Leave to File Answer and Counterclaim *Instanter* (ECF No. 15).

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff The Perfect Score Company, Inc. ("Plaintiff") is a foreign corporation that designs and manufactures unique automated industrial/baking equipment, with its principal place of business in Bedford Heights, Ohio. (Compl., ECF No. 1, at ¶ 2.) Defendant is a resident of Harrison, New Jersey. (J. Miller Aff., ECF No. 15-1, at ¶ 2.)

Plaintiff filed a Complaint against Defendant on May 22, 2009, alleging that Defendant stole trade secrets while working for Plaintiff in Ohio, and that Defendant continued to use these trade secrets in New Jersey. Plaintiff requested a restraining order, alleging interference

with business relationships, tortious interference with contract, conversion, and unjust enrichment. (Compl., at ¶¶ 9–12.) The Complaint listed Defendant's address as "840 Jersey Street, Harrison, NJ 07029." *Id.* at ¶ 3. Plaintiff initially alleged that this was the address of several of Defendant's employers, including Pechters Bakery and Tri State Buns. *Id.* at ¶ 4. However, Defendant has been employed by Tri State Buns, located at 808-810 Warren Street, Harrison, New Jersey, since March 16, 2009. (J. Miller Aff., at ¶¶ 16–18, ECF No. 15-1.) Defendant lives at 201 Dey Street, Unit 109, Harrison, NJ 07029. (*Id.* at ¶¶ 2, 3.)

The original Summons was issued to Pechter's 840 Jersey Street address in May 2009. (ECF No. 2.) Subsequently, Michael Marra ("Marra"), the process server, located Defendant's residence on Dey Street. (M. Marra Aff., ECF No. 8, at 2.) Plaintiff filed an Affidavit of Service on September 26, 2009, executed by Marra. *Id.* Marra stated that he left a copy of process at the 201 Dey Street address with a man who claimed to be Defendant's son, Jim Miller, Jr. *Id.* Defendant's son does reside at that address, but his name is Anthony Miller. (J. Miller Aff., at ¶¶ 5, 6.) It is notable, however, that Defendant's full name is James A. Miller, Jr. *Id.* at 1.

Marra described the person with whom he spoke as a 25–29 year old white male, 5'9" tall, with brown hair, and weighing around 170–175 pounds. (M. Marra Aff., at 2.) Anthony was 19 at the time, 6'2" tall, and around 200 pounds. (A. Miller Aff., ECF No. 15-2, at ¶ 5.) The process server also mailed a copy of the documents via the U.S. Postal Service ("USPS") in a First Class envelope to the 201 Dey Street address. (M. Marra Aff., at 2.) Both Anthony and Defendant aver that they never received the process, and that they are the only people living at the residence. (J. Miller Aff., at ¶¶ 8, 10; A. Miller Aff., at ¶¶ 4, 10.)

-2-

Defendant did not answer the Summons, and Plaintiff moved for default judgment on December 1, 2009. (Mot. for Default J., ECF No. 9.) A copy of the Motion for Default Judgment was mailed to Defendant at his Dey Street residence. *Id.* at 7. Almost ten months later, on September 29, 2010, the court entered default judgment against Defendant, enjoining him from misappropriating trade secrets and awarding Plaintiff $261,667 in damages and fees. (Default J., ECF No. 12.) A copy of the Judgment was mailed to Defendant's Dey Street residence, via USPS certified mail, which Defendant received at that address on October 2, 2010. (Mail Receipt, ECF No. 13-1, at 2.)

Less than two months after receiving the Judgment, Defendant took action in this matter and filed a Motion to Set Aside Default Judgment with the court. (ECF No. 15.) Defendant claims to have had no prior knowledge of this lawsuit. (J. Miller Aff., at ¶¶ 10, 11.)

## II. LEGAL STANDARDS

### A. Rule 55(c)

The Federal Rules of Civil Procedure provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Sixth Circuit utilizes a three-factor test to determine good cause: "(1) whether the entry of default was the result of willful or culpable conduct; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 432 (6th Cir. 1996) (citations omitted). On a motion to set aside default judgment (as opposed to an *entry* of judgment), the defendant must first prove a lack of culpable conduct before a court will

consider the remaining two factors. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (quotation omitted)(quoting *Waifersong, Ltd.*, 976 F.2d at 292).

### B. Rule 60(b)

Additionally, if the court has already entered judgment on a default, a defendant must meet the stricter requirements of Rule 60(b) to have the judgment vacated. *See Thompson*, 95 F.3d at 432 . (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("[A] stricter standard applies for setting aside a default once it has ripened into a judgment."); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) ("[A] default that has become final as *judgment* can be set aside only under the stricter Rule 60(b) standards . . . .") (citation omitted)).  Thus, before taking into account the equitable factors of Rule 55(c), a court must first find that one of Rule 60(b)'s specific requirements is met. *Thompson*, 95 F.3d at 432–33.  The relevant portion of Rule 60(b) states that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
> (4) the judgment is void;. . . .

Fed. R. Civ. P. 60(b).[1]

Furthermore, the Sixth Circuit has held that "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Id.*  At the same time, "[j]udgment by default is a drastic step which should be resorted to only

---

[1] Defendant's Motion seeks Rule 60(b) relief under 60(b)(1) and 60(b)(4) only.

in the most extreme cases." *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). A court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *Id.* (quotation omitted). Accordingly, the public policy that favors trial on the merits "dictates that the court 'should . . . construe[] all ambiguous or disputed facts in the light most favorable to the defendant[].'" *Burrell*, 434 F.3d at 832 (quotation omitted). Also, the moving party seeking relief from judgment bears the burden of "show[ing] the applicability of the rule." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.")).

### III. LAW AND ANALYSIS

Defendant argues that under Rule 60(b)(1), the court should set aside the default judgment because it was a product of surprise that arose from lack of notice due to a lack of service of process. In addition, Defendant avers that under Rule 60(b)(4), the judgment is void because the court lacked jurisdiction to enter the judgment due to the failure of service of process, and therefore, it should be set aside. The court will examine the propriety of service issue, as it is central to both of Defendant's claims.

**Propriety of Service**

For a court to exercise jurisdiction over the parties, due process requires that the parties have been properly served. *O.J. Distrib., Inc. V. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Rule 4(e) enumerates the requirements for valid service of process of an individual in the United States. The Rule, in part, states that:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following the state law for serving a summons in an action. . . in the state where the district court is located or where [the party will be served] . . .; or
> (2) doing any of the following: . . .
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of [the summons and complaint] . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there in . . .

Since the language of both the New Jersey[2] and Ohio[3] statutes on service of process is similar to Rule 4(e)(1), the court will not engage in a separate analysis under state law.

The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. *See Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a *per se* abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted)(emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1376–77 (2010).

---

[2] Service in New Jersey can be made "by leaving a copy [of the summons and complaint] at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein." N.J. R. 4:4-4(a)(1).

[3] Service in Ohio can be made "by leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Ohio Civ. R. 4.1.

In determining whether the service meets the requirements of 4(e)(1), the court must examine "the practicalities of the particular fact situation." *Franklin America, Inc., v. Franklin Cast Products, Inc.*, 94 F.R.D. 645, 647 (D.C. Mich. 1982). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). Furthermore, a party's sworn affidavit denying receipt of service rebuts the presumption of proper service and "necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57–58 (2d Cir. 2002).

Here, service was purported to be perfected by leaving a copy of the Summons and Complaint at Defendant's Dey Street residence. Michael Marra, process server, provided an affidavit attesting that he had served Defendant's son, named Jim Miller, Jr., a 25–29 year old, white-skinned, brown-haired, male who is 5'9" and between 170 and 175 pounds. Defendant's son's name is Anthony Miller and was 19 years old, 6'2" and approximately 200 pounds at the relevant time.

Defendant argues that because Marra incorrectly described the name, height, weight, and age of his son, service could not have been perfected. Defendant then states that because he and his son are the only two residents at the Dey Street address, Marra either served the wrong person or did not serve anyone. Both Defendant and Defendant's son provide affidavits attesting that they never received the Summons and Complaint.

Plaintiff counters by arguing that the process server's description does not need to be flawless for service to be valid, and that the address's validity mitigates the discrepancy of that

description. Plaintiff also points out that Marra would gain nothing by lying under oath, but could potentially lose his livelihood and professional reputation if he did.

Indeed, the return of service is prima facie evidence of valid service; therefore, Marra's affidavit creates a presumption of valid service. However, Defendant's affidavit denying receipt of service rebuts the presumption of proper service.

Moreover, the court notes that since the man described by the process server gave Defendant's own name, one could conclude that Defendant himself spoke with Marra. Also, Marra sent a copy of the Summons, Complaint, and later Motion for Default Judgment via first class mail to Defendant's Dey Street address, which Defendant claims to have never received. The Default Judgment, which Defendant received, was sent via certified mail to this address. The fact that Defendant received the Default Judgment sent to his Dey Street address, but claims to have never received the Summons and Complaint also sent to his Dey Street address raises an issue regarding Defendant's credibility. However, it is not appropriate to make credibility determinations at this stage.

The court is unable to definitively determine whether Defendant had notice of Plaintiff's suit or if service was proper based on the evidence before it without making credibility determinations. Because of the contradictory evidence, the court finds it necessary to hold an evidentiary hearing on the propriety of service issue to give the court the opportunity to properly consider this issue and give the parties an opportunity to present additional evidence. Because this issue is central to both of Defendant's arguments for relief from the Default Judgment, the court will not weigh the equitable factors of Rule 55(c), as Defendant

is unable to meet his burden of establishing the applicability of Rule 60(b) factors with the evidence presented at this time.

## IV. CONCLUSION

Consequently, the court denies Defendant's Motion to Set Aside Default Judgment and for Leave to File Answer and Counterclaim *Instanter* (ECF No. 15), based on consideration of the parties' briefs only. However, Defendant has presented sufficient information to warrant an evidentiary hearing. The court hereby sets an evidentiary hearing for November 18, 2011, at 10:00 a.m., at which the parties may present evidence regarding the propriety of service in this matter, as well as any other evidence relevant to Defendant's Motion.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 29, 2011